**BAKER & HOSTETLER LLP**
Amy E. Beverlin, SBN 284745
*abeverlin@bakerlaw.com*
1900 Avenue of the Stars, Suite 2700
Los Angeles, CA  90067-4301
Telephone: 310.820.8800
Facsimile: 310.820.8859

**BAKER & HOSTETLER LLP**
Sylvia J. Kim, SBN 258363
*sjkim@bakerlaw.com*
600 Montgomery Street, Suite 3100
San Francisco, CA 94111-2806
Telephone: 415.659.2600
Facsimile: 415.659.2601

**BAKER & HOSTETLER LLP** M.
Scott McIntyre, pro hac vice
*smcintyre@bakerlaw.com*
312 Walnut Street, Suite 3200
Cincinnati, OH 45202-4074
Telephone: 513.852.2622
Facsimile: 513.479.9558

Attorneys for Defendants
NOVARTIS PHARMACEUTICALS CORPORATION and
ADVANCED ACCELERATOR APPLICATIONS USA, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER L. YESSAIAN,<br><br>Plaintiff,<br><br>vs.<br><br>NOVARTIS PHARMACEUTICALS CORPORATION, a Delaware corporation; ADVANCED ACCELERATOR APPLICATIONS USA, INC.; and DOES 1 through 20, inclusive,<br><br>Defendants. | CASE NO. 2:23-cv-00747-KK(JCx)<br><br>**DEFENDANTS' MOTION FOR AWARD OF REASONABLE ATTORNEY'S FEES AND LEAVE TO FILE SUPPLEMENTAL DOCUMENTATION IN SUPPORT THEREOF UNDER SEAL OR OTHERWISE FOR *IN CAMERA* INSPECTION:**<br><br>**(1) NOTICE OF MOTION**<br><br>**(2) MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**(3) DECLARATION OF SYLVIA J. KIM**<br><br>**(4) [PROPOSED] ORDER**<br><br>Date:      **June 13, 2024**<br>Time:      **9:30 a.m.**<br>Crtrm:    **3**<br>Judge:    **Kenly Kiya Kato** |

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1

# TABLE OF CONTENTS

2

Page

3

TABLE OF AUTHORITIES.................................................................................iii

4

NOTICE OF MOTION ................................................................................... v

5

MEMORANDUM OF POINTS AND AUTHORITIES............................................ 1

6

I.     INTRODUCTION.................................................................................. 1

7

II.    BACKGROUND FACTS AND PROCEDURAL HISTORY ...................... 4

8

III.   LEGAL ARGUMENTS ......................................................................... 5

9

        A.    APPLICABLE LEGAL STANDARDS ............................................. 5

10

              1.    As The Prevailing Parties, Defendants Are Entitled To An Award Of Attorneys' Fees Under Fed. R. Civ. P. 54

11

                    And FEHA For Plaintiff's Frivolous Pursuit Of Her

12

                    Claims. .................................................................................... 5

13

              2.    Attorneys' Fees Are Also Appropriate Pursuant To 28 U.S.C. § 1927 Based On Plaintiff's Counsel Frivolous

14

                    And Bad Faith Pursuit Of Claims That Were Objectively Meritless. ............................................................................. 7

15

        B.    DEFENDANTS ARE ENTITLED TO AN AWARD OF ALL

16

              REASONABLE ATTORNEY'S FEES INCURRED IN THE DEFENSE OF PLAINTIFF'S MERITLESS CLAIMS, PARTICULARLY THOSE

17

              INCURRED AFTER PLAINTIFF'S AUGUST 24, 2023 DEPOSITION. ............. 7

18

              1.    Plaintiff's Disability Discrimination Claims (Cause I & II) Were Objectively Frivolous. .................................................. 7

19

              2.    Plaintiff's Sex/Gender Discrimination Claim (Count III)

20

                    Was Objectively Frivolous. ..................................................... 10

21

               3.    Plaintiff's Age Discrimination Claim (Count IV) Was Objectively Frivolous. ............................................................ 12

22

               4.    Plaintiff's Wrongful Termination Claim (Count V) Was Objectively Frivolous Because It Was Grounded in The

23

                    Same Baseless Grounds As Her Other Claims........................ 13

24

               5.    Plaintiff Unreasonably Rejected Defendants' Reasonable

25

                    Settlement Offer And Responded Only With An "Outrageous Counter-Offer," Further Warranting A Fee

26

                    Award. ................................................................................... 13

27

28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

C.   DEFENDANTS REQUEST LEAVE TO FILE SUPPLEMENTAL DOCUMENTATION TO SUPPORT ITS ATTORNEYS' FEES REQUEST UNDER SEAL OR OTHERWISE FOR *IN CAMERA* INSPECTION. .................. 14

IV.   CONCLUSION ........................................................................................ 16

DECLARATION OF SYLVIA J. KIM .......................................................... 17

- ii -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Christiansburg Garment Co. v. EEOC*,
    434 U.S. 412 (1978) ................................................................5, 6, 14

*Gracie v. Gracie*,
    217 F.3d 1060 (9th Cir. 2000) ...........................................................14

*Hensley v. Eckerhart*,
    461 U.S. 424 (1983) ........................................................................14

*In re Girardi*,
    611 F.3d 1027 (9th Cir. 2010) ............................................................7

*In re Gorina*,
    296 B.R. 23 (Bankr. C.D. Cal. 2002) .................................................15

*In re Grand Jury Witness*,
    695 F.2d 359 (9th Cir. 1982) .............................................................15

*Intel Corp. v. Terabyte Int'l, Inc.*,
    6 F.3d 614 (9th Cir. 1983) ................................................................14

*Lial v. Cnty. of Stanislaus*,
    2011 WL 92012 (E.D. Cal. Jan. 11, 2011) ....................................3, 14

*Mangold v. Cal. Pub. Util. Comm'n*,
    67 F.3d 1470 (9th Cir. 1995) ..............................................................5

*Moosa v. Dolan Foster Enters., Inc.*,
    1998 WL 30060 (N.D. Cal. Jan. 5, 1998) ............................................6

*Moss v. Associated Press*,
    956 F.Supp. 891 (C.D. Cal. 1996).............................................6, 7, 10

*Riker v. Distillery*,
    2009 WL 2486196 (E.D. Cal. Aug. 12, 2009) ...................................15

*United States v. Napout*,
    2018 WL 6106702 (E.D. N.Y. Nov. 20, 2018) ..................................15

- iii -

*West Coast Theater Corp. v. City of Portland,*
  897 F.2d 1519 (9th Cir. 1990)...................................................................... 7

**State Cases**

*Bond v. Pulsar Video Productions,*
  50 Cal.App.4th 918 (1996) ......................................................................... 6

*Children's Hosp. & Med. Ctr. v. Bonta,*
  97 Cal.App.4th 740 (2002) ....................................................................... 14

*Gonzales v. Metpath, Inc.,*
  214 Cal.App.3d 422 (1989) ........................................................................ 6

*Guthrey v. The State of California,*
  63 Cal.App.4th 1108 (1998) ................................................................. 6, 10

*Ketchum v. Moses,*
  24 Cal.4th 1122 (2001) ............................................................................. 15

*PLCM Group, Inc. v. Drexler,*
  22 Cal.4th 1084 (2000) ....................................................................... 14, 15

*Rosenaur v. Scherer,*
  88 Cal.App.4th 260 (2001) ....................................................................... 15

*Serrano v. Priest (Serrano III),*
  20 Cal.3d 25 (1977) .................................................................................. 14

*Serrano v. Unruh (Serrano IV),*
  32 Cal.3d 621 (1982) ................................................................................ 15

*Villanueva v. City Of Colton,*
  160 Cal.App.4th 1188 (2008) ..................................................................... 6

*Williams v. Chino Valley Indep. Fire Dist.,*
  61 Cal.4th 97 (2015) ............................................................................... 5, 6

**Federal Statutes**

28 U.S.C. § 1927 ............................................................................................ 7

Baker & Hostetler llp
ATTORNEYS AT LAW
LOS ANGELES

<div style="text-align:left; font-size:small">
BAKER & HOSTETLER LLP<br>
ATTORNEYS AT LAW<br>
LOS ANGELES
</div>

## NOTICE OF MOTION

**TO THE HONORABLE KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE, AND TO PLAINTIFF AND HER COUNSEL OF RECORD:**

**NOTICE IS HEREBY GIVEN** that, on June 13, 2024, at 9:30 a.m., in Courtroom 3 of the George E. Brown, Jr. United States Courthouse, located at 3470 12th Street, 3rd Floor, Riverside, California 92501, Defendants Novartis Pharmaceuticals Company and Advanced Accelerator Applications USA, Inc. (collectively, "Defendants") will and hereby do move the Court for an award of reasonable attorneys' fees against Plaintiff and/or her counsel, Robert J. Prata and John F. Morning of PRATA & DALEY LLP, pursuant to Fed. R. Civ. P. 54, Cal. Gov't Code § 12965(c)(6), 28 U.S.C. § 1927 and/or the Court's inherent authority, and for leave to file supplemental documentation supporting their fee request under seal or for *in camera* inspection.

Defendants bring this Motion on the grounds that Plaintiff's pursuit of this lawsuit against Defendants was objectively frivolous, unreasonable, without foundation, and undertaken in bad faith. On that basis, Defendants seek to recover their reasonable attorneys' fees and costs incurred since the initiation of the action or, at a minimum, since Plaintiff's deposition of August 24, 2023 wherein she made damaging admissions that revealed her claims were objectively meritless and without factual or legal support. Plaintiff's and her counsel's continued pursuit of this lawsuit after her deposition unreasonably and vexatiously prolonged the proceedings and forced Defendants to incur substantial attorneys' fees in defending against Plaintiff's frivolous claims.

Defendants further request that the Court grant them leave to file supplemental documentation, including billing records, supporting fee declarations, and other documentation required by this Court's Standing Order Rule 9, separately and under

seal or otherwise for *in camera* inspection to support the amount of their fee award sought and establish the reasonableness of their request.  Defendants' request is made on the grounds that Defendants' billing records and supporting declarations reveal privileged attorney-client communications and confidential and proprietary fee information that should be protected from public disclosure.

This Motion is made following the required conference of counsel pursuant to Local Rule 7-3, which Defendants initiated on May 8, 2024.  *See* Declaration of Sylvia J. Kim, ¶ 2.  Thereafter, counsel for both parties further conferred telephonically on May 14, 2024 regarding the grounds for and relief sought in this Motion.  *Id.*  The parties discussed the substance of Defendants' instant Motion but were unable to reach resolution.  *Id.*

The Motion is based on this Notice of Motion, the accompanying supporting Memorandum of Points and Authorities, the Court's file and records in this action, and such other evidence and arguments as may be made or presented at or before the hearing on this Motion.

Dated:  May 15, 2024        **BAKER & HOSTETLER LLP**

By:  */s/ Sylvia J. Kim*
      M. Scott McIntyre
      Sylvia J. Kim
      Amy E. Beverlin

Attorneys for Defendants NOVARTIS PHARMACEUTICALS CORPORATION and ADVANCED ACCELERATOR APPLICATIONS USA, INC.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

### MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiff Jennifer Yessaian's and her attorneys' pursuit of this lawsuit claiming that Defendants Novartis Pharmaceuticals Corporation and Advanced Accelerator Applications USA, Inc. (collectively, "Defendants") discriminated against her and terminated her employment on the basis of her alleged disability, age and sex/gender in violation of the California Fair Employment and Housing Act ("FEHA") was ***objectively frivolous, unreasonable, without foundation, and undertaken in bad faith***.  As discussed in further detail below, Plaintiff made ***false*** material allegations in her Complaint that she then flatly ***contradicted*** in her August 24, 2023 deposition.  The evidentiary record in this case was so completely devoid of support for Plaintiff's claims that the Court rightly held that Plaintiff failed to meet the minimal burden of establishing a prima facie case of discrimination as to even <u>one</u> of her claims.  Dkt. No. 59.

Not only does Plaintiff's deposition testimony reveal that her Complaint allegations were false, it also demonstrates she **<u>knew</u>** they were false.  As to Plaintiff's disability discrimination claims, Plaintiff testified that she had no facts at all to suggest that any decisionmaker involved in her termination was aware of her lupus diagnosis.  Dkt. #44-4 at 40:3-6.  She also testified that she understood her employment was terminated for her numerous compliance violations which placed Defendants in a "difficult spot," that she had no evidence to suggest that any of the individuals involved in the investigations of those violations and her subsequent termination were ever dishonest, and that she lacked any knowledge of the motives of the individuals who recommended her termination.  *Id.* at 15:10-20:8, 37:9-13, 165:16-20, 177:16-180:25.  Following her deposition, Plaintiff conducted no subsequent discovery to determine whether the relevant decisionmakers even had any actual or constructive knowledge of Plaintiff's lupus diagnosis.

As to Plaintiff's age discrimination claims, Plaintiff testified during her

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

- 1 -

1  deposition that the sole basis for her age discrimination claim was her speculation
2  that "people" employed by Defendants with access to her personnel file might have
3  known her age because she believes her date of birth is contained in files maintained
4  by Defendants' HR Business Partners.  *Id.* at 52:8-53:21.  Aside from inadmissible
5  speculation, Plaintiff admittedly lacked any evidence that the decisionmakers
6  responsible for her termination actually knew her age or whether there was any basis
7  to impute that knowledge to them.  Indeed, Plaintiff expressly testified that she has
8  no evidence that any of the decisionmakers responsible for her termination had any
9  knowledge of her age. *Id.* at 53:25-54:3.  Still, she conducted no subsequent
10 discovery to attempt to bridge that evidentiary gap.  As egregious is the fact that
11 Plaintiff proffered no allegations or evidence to tie her purported age to her
12 termination – because she knew that ***no such evidence exists***.

13      As to Plaintiff's sex/gender discrimination claim, Plaintiff testified during her
14 deposition that Defendants' senior executive managers supported and celebrated her
15 participation in Defendants' various gender equity initiatives.  *Id.* at 182:21-198:11.
16 This testimony ***directly contradicted*** Plaintiff's Complaint allegations, which falsely
17 claimed that management called such efforts "dumb" and a "waste of time."  Compl.
18 ¶ 14.

19      Importantly, none of Plaintiff's damaging deposition admissions resulted
20 from the discovery of new facts or evidence that were unavailable to her at the outset
21 of this lawsuit.  On the contrary, knowledge of these facts existed at the time Plaintiff
22 filed her Complaint.  Thus, *no discovery was needed to know Plaintiff's claims were*
23 *false, yet Plaintiff pled them anyway.*  And despite this knowledge, Plaintiff and her
24 counsel unreasonably and vexatiously persisted in this lawsuit against Defendants
25 even after her deposition testimony revealed her claims to be meritless, forcing
26 Defendants to incur significant attorneys' fees defending against her meritless
27 claims.

28      Indeed, even at the summary judgment stage, Plaintiff proffered nothing but

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1   admittedly "circumstantial" evidence consisting solely of her own **speculation** that
2   *someone* on the Internal Review Committee ("IRC") that recommended her
3   termination *conceivably could* have known about and considered her lupus diagnosis
4   simply because she had previously disclosed it to other, *unrelated* individuals.  Dkt.
5   #50-1 (Plt's Statement of Genuine Disputes) at Nos. 121, 123, 132.  Plaintiff also
6   purported to "dispute" Defendants' proffer of her own deposition testimony that
7   none of Defendants' employees harbored any discriminatory animus toward her
8   because of her age and that none of the IRC Committee members even knew her age
9   with vague references to "circumstantial evidence," strained arguments that
10  knowledge of her age should be imputed based on her tenure with the company, and
11  an attempt to disclaim Plaintiff prior deposition testimony on the basis that she is not
12  an attorney – none of which remotely refutes *her own prior testimony* admitting she
13  lacked evidence to tie her age to her termination.  *Id.* at Nos. 134, 135.

14      Notwithstanding the frivolity of Plaintiff's claims, Defendants attempted to
15  resolve this matter with a $75,000 offer of judgment simply to avoid the inevitable
16  and significant expenses of continued litigation and in the interests of judicial
17  efficiency.  Kim Decl., Exh. 5, Exh. 1.  Plaintiff, however, did not accept this offer
18  nor did she make any reasonable counteroffer; instead she made an absurd demand
19  for half a million dollars more than Defendants' exceedingly reasonable offer.  *Id.*,
20  Exh. 2.  Such "outrageous counteroffers" to reasonable settlement offers weigh
21  heavily in favor of a post-judgment award for attorneys' fees.  *Lial v. Cnty. of*
22  *Stanislaus*, 2011 WL 92012 at *7 (E.D. Cal. Jan. 11, 2011).  For this and all of the
23  reasons discussed herein, Defendants are entitled to an award of reasonable
24  attorney's fees incurred in defending against Plaintiff's frivolous claims.

25      As further discussed below, Defendants also request leave of Court to submit
26  supplemental documentation setting forth the nature and amount of its fee award
27  request under seal or otherwise for *in camera* inspection, because attorney billing
28  records reveal privileged information and contain proprietary information regarding

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1  counsel's billing rates.

2  **II.    BACKGROUND FACTS AND PROCEDURAL HISTORY**

3         Plaintiff filed this action for discrimination in violation of FEHA on the basis

4  of her purported disability, age and sex/gender against Defendants on November 16,

5  2022.  She also alleged a derivative claim for wrongful termination in violation of

6  public policy.

7         On August 24, 2023, Defendants took Plaintiff's deposition.  Kim Decl., ¶ 3.

8  During her deposition, Plaintiff made damaging admissions that revealed the

9  frivolity of her claims, including that she had ***no evidence*** that any individuals

10  involved in her termination decision knew of her lupus diagnosis or age or that they

11  harbored any discriminatory animus against her on those bases.  Dkt. #44-4 at 37:9-

12  13, 52:16-20, 53:18-54:3.  She also ***directly contradicted*** her own Complaint

13  allegations that her efforts to advocate for gender equity were rebuffed by company

14  managers (Compl., ¶ 14) by testifying that Defendants' senior executive managers

15  actually supported and celebrated her participation in Defendants' various gender

16  equity initiatives.  Dkt. #44-4 at 182:21-198:11.

17        Following Plaintiff's deposition, she did not propound any further written

18  discovery.  Kim Decl., ¶ 3.  Instead, Plaintiff only took the deposition of Susan Pierre

19  on October 30, 2023.  *Id.*, ¶ 4.  Ms. Pierre was the investigator who conducted the

20  investigation into the numerous compliance violations that resulted in Plaintiff's

21  termination.  *See generally* Dkt. #44-2.  Ms. Pierre's deposition testimony

22  corroborated the fact that Plaintiff's lupus diagnosis was unknown to her when she

23  conducted her investigations and recommended Plaintiff's termination.  Dkt. #44-7

24  at 40:13-18.  Still, Plaintiff conducted no further discovery to attempt to uncover

25  additional facts to support her discrimination claims (because, as Plaintiff has known

26  all along, no such facts exist).

27        On February 23, 2024, Defendants' counsel sent Plaintiff's counsel a meet

28  and confer correspondence detailing the grounds for their then-contemplated Motion

- 4 -

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

for Summary Judgment ("MSJ").  Kim Decl., ¶ 7; Exh. 3.  Among other reasons, Defendants noted the fact that Plaintiff lacked evidentiary support for her claims, which rested solely on unsupported speculation and allegations that were contradicted by Plaintiff's own deposition testimony.  *Id.*  In a telephonic meet and confer that followed, Defendants' counsel asked Plaintiff's counsel whether they would at least consider dismissing Plaintiff's age and sex/gender discrimination claims given Plaintiff's admissions during her deposition that she lacked any facts to support these claims.  Kim Decl., ¶ 8.  However, Plaintiffs' counsel refused, thus forcing Defendants to have to proceed with their MSJ on all of Plaintiff's claims.  *Id.*  Not surprisingly, the Court found that the record lacked evidentiary support for any of Plaintiff's claims and granted the MSJ in full.  Dkt. #59.  The Court subsequently entered judgment in favor of Defendants on May 1, 2024.  Dkt. #60.

## III.   LEGAL ARGUMENTS

### A.   APPLICABLE LEGAL STANDARDS

#### 1.   As The Prevailing Parties, Defendants Are Entitled To An Award Of Attorneys' Fees Under Fed. R. Civ. P. 54 And FEHA For Plaintiff's Frivolous Pursuit Of Her Claims.

Federal courts sitting in diversity apply state law in determining both a party's rights to fees and the method of calculating them.  *Mangold v. Cal. Pub. Util. Comm'n*, 67 F.3d 1470, 1478 (9th Cir. 1995).  California courts have adopted the standard articulated by the U.S. Supreme Court in *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412 (1978), in assessing a prevailing defendant's rights to attorneys' fees in FEHA cases.  *Williams v. Chino Valley Indep. Fire Dist.*, 61 Cal.4th 97, 99-100 (2015).

Under that standard, a district court has discretion to award attorney fees to a prevailing defendant in a FEHA action "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation [i.e., groundless]."  *Id.* at 115; *see also Christiansburg Garment Co.*, 434 U.S. at 421-22 (1978).  Such fees have been awarded where the record lacked any evidence of discrimination.  *See, e.g.,*

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

*Villanueva v. City Of Colton*, 160 Cal.App.4th 1188, 1200-01 (2008) (trial court acted within its discretion in awarding attorneys' fees to city after it prevailed in employment discrimination and retaliation suit brought under FEHA, where plaintiffs suit was unfounded, unreasonable, and "frivolous", as there was no admissible evidence of discrimination, and city's action in demoting him was justified by reduction in force and employee's failure to report alarm incident at plant); *Bond v. Pulsar Video Productions,* 50 Cal.App.4th 918, 924-25 (1996) (trial court did not abuse its discretion in awarding attorneys' fees to employer after finding for employer on discrimination claim where trial court found that there was no evidence of discrimination).  Indeed, fees have been awarded where the plaintiff failed to put forth evidence to establish a *prima facie* case of discrimination.  *See, e.g.*, *Gonzales v. Metpath, Inc.*, 214 Cal.App.3d 422, 426-28 (1989) (affirming award of attorneys' fees to defendant where plaintiff failed to establish a *prima facie* case); *Guthrey v. The State of California*, 63 Cal.App.4th 1108, 1126 (1998) (noting that an award of attorneys' fees is appropriate where the case is frivolous from the start and it should have been clear to plaintiff's counsel after plaintiff's deposition that he had no case of arguable merit); *Moosa v. Dolan Foster Enters., Inc.*, 1998 WL 30060, at *6–8 (N.D. Cal. Jan. 5, 1998) (awarding defense fees where the plaintiff failed to present evidence sufficient to establish even a *prima facie* case of unlawful employment discrimination).

Such an award need not cover the entire cost of litigation, but "may be limited to the period after events demonstrate[d]" the claims' groundlessness.  *Moss v. Associated Press*, 956 F.Supp. 891, 896 (C.D. Cal. 1996).  Indeed, fees have been awarded where a plaintiff continued to pursue litigation after discovery affirmatively disclosed the factual basis for the alleged discrimination claim was patently nonexistent.  For example, in *Moss*, the court found that while the plaintiff initially presented a colorable claim for discrimination, he should have known that continued litigation was either unreasonable or without foundation after he admitted in his

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

- 6 -

deposition the existence of a legitimate, nondiscriminatory reason for his termination—that the sales force in which he was a part was disbanded due to poor earnings—and failed to conduct even minimal discovery to determine whether there was any basis for continued pursuit of the discrimination claim. *Id.* at 895. As we discuss below, Plaintiff's pursuit of this action based on factually uncorroborated allegations was unreasonable from the outset; and, at a minimum, its continued pursuit was wholly frivolous after Plaintiff contradicted those very allegations during her own deposition.

### 2. Attorneys' Fees Are Also Appropriate Pursuant To 28 U.S.C. § 1927 Based On Plaintiff's Counsel Frivolous And Bad Faith Pursuit Of Claims That Were Objectively Meritless.

Under 28 U.S.C. § 1927 ("Section 1927"), "[a]ny attorney ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. In order to impose sanctions under Section 1927, the court must make a finding that the attorney acted in bad faith. *West Coast Theater Corp. v. City of Portland*, 897 F.2d 1519, 1528 (9th Cir. 1990). Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument or argues a meritorious claim for the purpose of harassing an opponent. *Id.* In the context of Section 1927, frivolousness refers to "legal or factual contentions so weak as to constitute objective evidence of improper purpose." *In re Girardi*, 611 F.3d 1027, 1062 (9th Cir. 2010).

### B. DEFENDANTS ARE ENTITLED TO AN AWARD OF ALL REASONABLE ATTORNEY'S FEES INCURRED IN THE DEFENSE OF PLAINTIFF'S MERITLESS CLAIMS, PARTICULARLY THOSE INCURRED AFTER PLAINTIFF'S AUGUST 24, 2023 DEPOSITION.

### 1. Plaintiff's Disability Discrimination Claims (Cause I & II) Were Objectively Frivolous.

Plaintiff's disability discrimination claims were predicated on allegations that she disclosed her lupus diagnosis to Defendants "[d]uring the COVID-19 pandemic, in or about 2020," Compl., ¶ 13, that Defendants "generally referenced an internal

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

investigation that they had conducted concerning certain contracting procedures at Advanced Accelerator" but that "Defendants had not promulgated a policy regarding contractual procedures at Advanced Accelerator during the relevant time period that [Plaintiff] could have violated," *Id.*, ¶ 16, which Plaintiff alleged established pretext, and that Plaintiff's termination "occurred notwithstanding Defendants' failure to provide any prior warning to [Plaintiff], corrective action plan, or other lesser disciplinary measures." *Id.*, ¶ 17. Plaintiff alleged that the failure to take any such steps "was inconsistent with Defendants' regular employment practices, which typically include at least an initial warning to employees who were deemed to have committed errors." *Id.* But ***all of these allegations*** were demonstrably false and/or lacked any basis in fact and law when they were made.

To that point, Plaintiff's purported disclosure of her lupus diagnosis to Defendants was alleged to have been made in 2020 to individuals who were not even involved in her termination decision more than two years later. Compl., ¶ 13. Plaintiff admitted during her deposition that she lacked any knowledge of the motives of the individuals responsible for her termination. Dkt. #44-4 at 37:9-13. Further, Plaintiff's allegation that Defendants lacked contractual procedures that she could have violated was directly contradicted by emails that were admittedly sent to her during her employment setting forth the required Conga process for internal signatory review of contracts. *Id.* at 124:1-126:10. Indeed, Plaintiff did not dispute that she acknowledged her awareness of the Conga requirement during Defendants' internal investigation. Dkt. #50 (Plt's Statement of Genuine Disputes) at No. 80. Therefore, when Plaintiff initiated this lawsuit, she *knew* that contractual procedures had in fact been instituted and communicated to her before her termination, yet she falsely alleged in her Complaint that Defendants lacked such processes to attempt to machinate evidence of pretext. As for Plaintiff's allegation that she received no warnings prior to her termination, this too is demonstrably false, as the *undisputed* evidence shows that Plaintiff was coached on at least two prior occasions regarding

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

- 8 -

her compliance violations and the importance of slowing down to ensure policy expectations are met. *Id.* at Nos. 26, 39. All of these controverting facts not only existed but were known to Plaintiff *since the initiation of this action*, yet she disregarded them and filed a baseless action predicated on false allegations. Such conduct epitomizes bad faith.

Even assuming *arguendo* that Plaintiff did not know that her disability discrimination claim was frivolous when it was originally brought, she and her counsel should have come to that realization after her August 24, 2023 deposition. Plaintiff affirmatively admitted at her deposition that she did not have any facts to suggest that any employee of Defendants believed she was unable to work due to any medical condition. Dkt. #44-4, p. 40:3-6. She even testified that she herself did not think she was disabled and receives no medical accommodations from her current employer. *Id.* Furthermore, the only individuals Plaintiff identified as having any knowledge of her lupus diagnosis had no involvement whatsoever in making the termination decision at issue. Dkt. #59 (MSJ Order) at pp. 3, 8, 12 ("there is no evidence Moore, Harris, or Kaplan – the only three individuals Plaintiff claims knew about her lupus diagnoses – (1) spoke to or informed Pierre about Plaintiff's lupus diagnosis; or (2) were involved in any of the discussion or decision making related to Plaintiff's termination"). Plaintiff acknowledged that the reasons for her termination were legitimate and her repeated compliance violations placed Defendants "in a difficult spot." Dkt. #44-4, 40:13-18; 177:16-180:25. And Plaintiff admitted she lacked knowledge of any facts that would indicate that those involved in her termination decision had ever been dishonest, *Id.*, 15:10-20:4-8, and had no knowledge of the motives of the individuals who made the decision to terminate her employment. *Id.*, 37:9-13. These admissions ***directly contradicted*** Plaintiff's allegation that her termination "was caused, at least in part, by [Plaintiff's] existing or perceived future physical disability related to her Lupus diagnosis." Compl., ¶ 33.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Thus, at least by this point, Plaintiff and her counsel should have been aware that continued litigation was either unreasonable or without foundation. Even if Plaintiff desired to continue her frivolous pursuit of her disability discrimination claim, her attorneys should have, at a minimum, advised her to voluntarily dismiss the action immediately after Plaintiff admitted facts into the record at her deposition establishing her claims were meritless as a matter of law. Indeed, "[a]ttorneys bear a responsibility to their clients to advise them when a case is frivolous." *Guthrey*, 63 Cal.App.4th at 1126. But rather than terminate litigation, Plaintiff and her counsel prolonged the litigation several more months and required Defendants to file a costly MSJ. All the while, Plaintiff failed to conduct even minimal discovery to somehow remedy any of the above deficiencies and/or determine whether the decision-makers even knew of her lupus diagnosis, further underscoring the sheer frivolity of her continued pursuit of litigation. *Moss*, 956 F.Supp. at 895. Therefore, under the *Christianburg* standard, Defendants should be entitled to recover attorneys' fees incurred from the outset of the litigation. At a minimum, Defendants are entitled to recover attorneys' fees incurred after the date of Plaintiff's deposition.

### 2. Plaintiff's Sex/Gender Discrimination Claim (Count III) Was Objectively Frivolous.

Plaintiff must have known from the outset of this lawsuit that her Complaint allegations in support of her sex/gender discrimination claim were *false*. Indeed, she testified during her deposition that the senior executive managers supported and celebrated her participation in Defendants' various gender equity initiatives. Dkt. #44-4 at 182:21-198:11. This ***directly contradicted*** Plaintiff's Complaint allegations that management called such efforts "dumb" and a "waste of time." Compl. ¶ 14. Importantly, given that these were Plaintiff's own admissions based on her personal knowledge, *no discovery was needed to know these allegations were false.*

Faced with the prospects of these damaging admissions, Plaintiff changed her story during her deposition. She testified that she was purportedly told by her

- 10 -

managers that she did not receive a top rating in *2005*, well over a decade before she filed this lawsuit and when she was in a different position. Dkt. #44-4 at 40:23-42:7. However, she also admitted that none of her managers in 2005 had anything to do with the instant lawsuit. *Id.* at 42:5-7. Again, Plaintiff and her counsel should have known at this point that basing a claim *on time-barred* events from *over a decade earlier* where *none of those relevant individuals were even involved in her termination* was **objectively frivolous**. If she intended to proceed on a disparate treatment theory, she should have been equipped with – or at least attempted to obtain – actual evidence to show that similarly situated employees were treated better than her. She instead forced this matter to be litigated for several more months and required Defendants to file a costly MSJ.

And if it was not clear after her deposition, it became abundantly clear during the meet and confer process preceding Defendants' MSJ that Plaintiff's sex/gender discrimination claim was wholly meritless. Indeed, on February 23, 2024, Defendants' counsel notified Plaintiff's counsel via email that Plaintiff's claim for sex/gender discrimination lacked merit because it rested entirely on her testimony regarding the 2005 events that were time-barred as a matter of law and her admission that her then-managers had nothing to do with this lawsuit. *See* Kim Decl., ¶ 7, Exh. 3. Defendants also noted that Plaintiff's allegations regarding comments allegedly made about Defendants' various gender equity initiatives were refuted by Plaintiff's own deposition testimony. *Id.* Still, Plaintiff and her counsel doubled-down on her frivolous claims, asserting *for the first time during summary judgment briefing* that women statistically faced greater difficulty in advancing within the organization and that persons who ultimately faced any form of discipline following the internal investigations were women. Dkt. #50 (Plt's Statement of Genuine Disputes) at No. 136. Not only were these eleventh-hour revelations contradicted by Plaintiff's earlier deposition testimony, they were completely irrelevant because they failed to establish evidence of a similarly situated comparator. Dkt. #59 (MSJ Order) at p. 14

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

- 11 -

(Plaintiff provides no evidence to show that any male employees committed similar compliance violations and were not subject to discipline. Accordingly, Plaintiff fails to provide any evidence to establish 'similarly situated male [employees] were treated more favorably than she was.'").   On this undisputed factual record, Plaintiff's pursuit of her sex/gender discrimination claims was objective frivolous and demonstrative of bad faith.

### 3.   Plaintiff's Age Discrimination Claim (Count IV) Was Objectively Frivolous.

It should have been abundantly clear from the outset that Plaintiff lacked any evidence to support a claim for age discrimination.  Indeed, Plaintiff admitted during her deposition that she had ***no evidence*** that anyone involved in her termination or performance evaluations harbored any discriminatory animus against her because of her age.  Dkt. #44-4, 53:25-54:3.  Therefore, Plaintiff's and her counsel's pursuit of such claims knowing they had no supporting basis in law or fact was objectively unreasonable and exhibits bad faith.  Further reinforcing that point is the fact that the "evidence" of age discrimination Plaintiff relied upon in this action was the wild speculation that unspecified "people" working for Defendants somehow knew her age because she believed her date of birth is contained in Defendants' personnel records.  Dkt. #44-4 at 52:8-53:21.  No reasonable person could construe this speculation as evidence sufficient to sustain a claim for age discrimination. Later, in opposing Defendants' MSJ, Plaintiff again resorted to conjuring up new, previously-undisclosed theories to support her age discrimination claim – namely, that Investigator Pierre could have known and considered her age because she referenced her 24-year tenure with Defendants in her investigative reports.  Dkt. #50 (Plt's Statement of Genuine Disputes) at No. 133.  The Court rightly found that Plaintiff failed to establish a prima facie case of age discrimination on this basis because such speculation is not admissible evidence that any decisionmaker had any knowledge of Plaintiff's age.  Dkt. #59 (MSJ Order) at p. 15 ("There is no evidence that the

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

- 12 -

Reviewing Committee was aware of and ever discussed Plaintiff's age in determining whether to terminate her employment.").

With *no facts* suggesting that any relevant decisionmakers knew her age and were motivated by discriminatory animus on that basis, Plaintiff and her counsel should have known after her deposition if not at the outset of this litigation that she could not establish her *prima facie* case for age discrimination. Yet, once again, Plaintiff took no further action after her deposition to attempt to remedy the evidentiary gaps in her claim, thus forcing Defendants to incur the expense of a costly MSJ. Such conduct reeks of bad faith, and it warrants a fee award.

### 4. Plaintiff's Wrongful Termination Claim (Count V) Was Objectively Frivolous Because It Was Grounded in The Same Baseless Grounds As Her Other Claims.

As this Court correctly acknowledged, Plaintiff's Wrongful Termination claim was "entirely based on Plaintiff's FEHA claims." Dkt. No. 59 (MSJ Order) at p. 14. Therefore, an award of attorneys' fees incurred in defending against this claim is appropriate for the same reasons discussed *supra*.

### 5. Plaintiff Unreasonably Rejected Defendants' Reasonable Settlement Offer And Responded Only With An "Outrageous Counter-Offer," Further Warranting A Fee Award.

"[I]f a plaintiff is found to have brought or continued such a claim in bad faith, there will be an even stronger basis for charging him with the attorney's fees incurred by the defense." *Christiansburg*, 434 U.S. at 422, 98 S.Ct. 694, 54 L.Ed.2d 648. Sister courts have previously found that "unreasonably repudiat[ing] legitimate settlement offers" and made "outrageous counteroffers." *Lial v. Cnty. of Stanislaus*, 2011 WL 92012 at *7 (E.D. Cal. Jan. 11, 2011). Here, Defendants made a highly reasonable offer of judgment pursuant to Fed. R. Civ. P. 68 of $75,000 on January 16, 2024. Kim Decl., Exh. 1. Plaintiff rejected that offer and countered at **half-a-million dollars more** - *$575,000*. *Id.*, Exh. 2. This was even after Plaintiff's deposition when she should have known full well that her claims were not worthy

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

- 13 -

of such an outrageous demand.  Defendants were then forced to draft and file a MSJ on a matter which should have settled.  All of this is indicative of bad faith conduct which further warrants a fee award.  *Lial*, 2011 WL 92012, at \*7.  Defendants' Motion should be granted.

### C.   DEFENDANTS REQUEST LEAVE TO FILE SUPPLEMENTAL DOCUMENTATION TO SUPPORT ITS ATTORNEYS' FEES REQUEST UNDER SEAL OR OTHERWISE FOR *IN CAMERA* INSPECTION.

Upon determining that a fee award is in order, the court must calculate the proper amount of the award to ensure that it is reasonable.  *See Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983). Reasonableness is generally determined using the "lodestar" method, where a court considers the work completed by the attorneys and multiplies "the number of hours reasonably expended on the litigation by the reasonable hourly rate."  *Gracie v. Gracie*, 217 F.3d 1060, 1070 (9th Cir. 2000) (internal citations omitted).  The moving party has the burden to produce evidence that the rates and hours worked are reasonable.  *See Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614, 622-23 (9th Cir. 1983).   Similarly, under California law, in calculating the amount of fees to award, the Court must begin by determining the "lodestar" amount.  *Ketchum v. Moses,* 24 Cal.4th 1122, 1131-32 (2001).   The "lodestar" represents objective evidence of the number of hours reasonably expended multiplied by the reasonable hourly rate of the prevailing attorneys.  *See, e.g., PLCM Group, Inc. v. Drexler,* 22 Cal.4th 1084, 1095 (2000); *Serrano v. Priest (Serrano III)*, 20 Cal.3d 25, 48 n.23 (1977); *In re Gorina,* 296 B.R. 23, 30 (Bankr. C.D. Cal. 2002) ("In California, the fee setting inquiry usually begins with the 'lodestar,' i.e., the number of hours reasonably expended multiplied by the reasonable hourly rate").  In awarding attorneys' fees, the reasonable hourly rate is normally the prevailing rate charged by attorneys of similar skill and experience. *See PLCM Group, Inc.*, 22 Cal.4th at 1095; *Serrano v. Unruh (Serrano IV)*, 32 Cal.3d 621, 643 (1982) (attorneys entitled to fees at market rates charged by private attorneys of comparable skill and experience); *Children's Hosp. & Med. Ctr. v.*

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

*Bonta*, 97 Cal.App.4th 740, 783 (2002) (awarding fees based on rates that were "within the range of reasonable rates charged by judicially awarded comparable attorneys for comparable work"). This rule applies, irrespective of whether the party seeking fees was charged for legal services or not, or was charged below market rates. *See PLCM Group, Inc.*, 22 Cal.4th at 1094-95; *Rosenaur v. Scherer*, 88 Cal.App.4th 260, 287 (2001) (affirming that "attorney fees can be recovered pursuant to a statute that allows their recovery, even where the client is not charged those fees, as long as there exists an attorney-client relationship").

Subject to the Court's approval, Defendants will supplement this Motion with documentation demonstrating that its fees in this matter are reasonable. Defendants seek leave to file billing documentation, supporting fee declarations, and other documentation required by this Court's Standing Order Rule 9 separately and under seal or otherwise for *in camera* inspection to support the amount of such fee award sought and establish the reasonableness of their request. *See, e.g., United States v. Napout*, 2018 WL 6106702, at *1 (E.D. N.Y. Nov. 20, 2018) (granting "requests to file under seal billing records and other documentation supporting their requests for attorneys' fees and costs"). The Ninth Circuit Court of Appeals has held that the attorney-client privilege embraces attorney time records and statements to the extent that they reveal litigation strategy and the nature of the services provided. Thus, "bills, ledgers, statements, time records and the like which … reveal the nature of the services provided, such as researching particular areas of law, … should fall within the privilege." *In re Grand Jury Witness*, 695 F.2d 359, 362 (9th Cir. 1982). *See also Riker v. Distillery*, 2009 WL 2486196, at *1 (E.D. Cal. Aug. 12, 2009). Defendants seek leave to provide this information separately under seal or otherwise for *in camera* review to protect privileged attorney-client communications as well as confidential and proprietary fee information from public disclosure. This phased approach serves the interests of efficiency, as it allows the Court to make a preliminary determination regarding Defendants' entitlement to a fee award in the

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

- 15 -

first instance before the Court and the Parties expend additional time and resources evaluating the reasonableness of the fee award requested.

Accordingly, for all of the foregoing, Defendants respectfully request that the Court find that Defendants are entitled to an award of attorneys' fees for Plaintiff's and her counsel's pursuit of objectively frivolous claims and grant them leave to file supplemental documentation in support of the instant Motion under seal or otherwise for *in camera* inspection.

## IV.    CONCLUSION

Based on all of the foregoing, Defendants respectfully submit that their Motion for Attorneys' Fees be granted with leave to file documents related to the reasonableness of fees, separately under seal or otherwise for *in camera* inspection.

Dated: May 15, 2024          **BAKER & HOSTETLER LLP**

By: /s/ *Sylvia J. Kim*
M. Scott McIntyre
Sylvia J. Kim
Amy E. Beverlin

Attorneys for Defendants NOVARTIS PHARMACEUTICALS CORPORATION and ADVANCED ACCELERATOR APPLICATIONS USA, INC.

## <u>CERTIFICATION</u>

The undersigned, counsel of record for Defendants, hereby certifies that this brief contains 5,058 words, which complies with the word limit of L.R. 11-6.1.

/s/ *Sylvia J. Kim*
SYLVIA J. KIM

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

## **<u>DECLARATION OF SYLVIA J. KIM</u>**

I, Sylvia J. Kim, declare as follows:

1.      I am an attorney duly licensed to practice in the State of California and a Partner in the firm Baker & Hostetler LLP, counsel of record for Defendants Novartis Pharmaceuticals Corporation ("Novartis") and Advanced Accelerator Applications USA, Inc. ("Advanced") (collectively, "Defendants") in this action.  I have personal knowledge of the following facts and, if called as a witness, I could and would testify competently thereto.

2.      Defendants' foregoing motion is made following the conference of counsel pursuant to Local Rule 7-3.  Specifically, on May 8 and 14, 2024, Defendants conducted the meet and confer process regarding the substantive grounds for this Motion in accordance with Local Rule 7-3.  The parties discussed the substance of Defendants' instant Motion but were unable to reach resolution.

3.      On August 24, 2023, my co-counsel, M. Scott McIntyre, took the deposition of Plaintiff Jennifer Yessaian.  Plaintiff did not propound any further written discovery following her deposition.

4.      On October 30, 2023, Plaintiff's counsel took the deposition of Susan Pierre in this action.

5.      On January 16, 2024, Defendants made an offer of judgment to Plaintiff pursuant to Fed. R. Civ. P. 68, to allow judgment to be entered against them and in favor of Plaintiff, in the total gross amount of $75,000.  A true and correct copy of Defendants' Rule 68 Offer of Judgment is attached hereto as Exhibit 1.

6.      The period for acceptance of Defendants' Rule 68 Offer of Judgment expired without Plaintiff's acceptance.  Instead, on February 28, 2024, Plaintiff's counsel communicated a settlement demand of $575,000.  A true and correct copy of Plaintiff's settlement demand is attached hereto as Exhibit 2.

7.      On February 23, 2024, I sent Plaintiff's counsel meet and confer email detailing the grounds for Defendants' then-contemplated Motion for Summary

- 17 -

Judgment ("MSJ").  A true and correct copy of my February 23, 2024 email is attached hereto as Exhibit 3.

8.     On March 5, 2024, I spoke with Plaintiff's counsel, John Morning, via telephone to further discuss the substance of Defendants' MSJ. During that call, I asked Mr. Morning Plaintiff would at least consider dismissing her age and sex/gender discrimination claims given the lack of supporting evidence.   Mr. Morning declined.

9.     Defendants request the Court's permission to file supplemental documentation required by this Court's Standing Order Rule 9 to support the amount of Defendants' fee award and establish the reasonableness of their request. Defendants seek leave to provide this information separately under seal or *in camera* to protect privileged attorney-client communications as well as confidential and proprietary fee information from public disclosure.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on this 15th day of May 2024 at San Francisco, California.

*/s/ Sylvia J. Kim*
Sylvia J. Kim

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

# Exhibit 1

**BAKER & HOSTETLER LLP**
Amy E. Beverlin, SBN 284745
*abeverlin@bakerlaw.com*
11601 Wilshire Blvd., Suite 1400
Los Angeles, CA 90025-0509
Telephone: 310.820.8800
Facsimile: 310.820.8859

**BAKER & HOSTETLER LLP**
Sylvia J. Kim, SBN 258363
*sjkim@bakerlaw.com*
Transamerica Pyramid
600 Montgomery Street, Suite 3100
San Francisco, CA 94111-2806
Telephone: 415.659.2600
Facsimile: 415.659.2601

**BAKER & HOSTETLER LLP**
M. Scott McIntyre, pro hac vice
*smcintyre@bakerlaw.com*
312 Walnut Street, Suite 3200
Cincinnati, OH 45202-4074
Telephone: 513.852.2622
Facsimile: 513.479.9558

Attorneys for Defendants
NOVARTIS PHARMACEUTICALS CORPORATION and
ADVANCED ACCELERATOR APPLICATIONS USA, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JENNIFER L. YESSAIAN,<br><br>     Plaintiff,<br><br>    vs.<br><br>NOVARTIS PHARMACEUTICALS CORPORATION, a Delaware corporation; ADVANCED ACCELERATOR APPLICATIONS USA, INC.; and DOES 1 through 20, inclusive,<br><br>     Defendants. | CASE NO. 2:23-cv-00747-KK(JCx)<br><br>**OFFER OF JUDGMENT PURSUANT TO FED. R. CIV. P. 68** |

*Left margin (vertical):* BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Pursuant to Rule 68 of the Federal Rules of Civil Procedure, Defendants Novartis Pharmaceuticals Corporation and Accelerator Applications USA, Inc. (hereinafter "Defendants") submit this joint offer of judgment to Plaintiff Jennifer Yessaian ("Plaintiff" or "Yessaian"), to allow judgment to be entered against them and in favor of Plaintiff, in the total gross amount of $75,000, which sum shall include all monetary relief sought in this action, including any and all damages, attorneys' fees, and costs.

Plaintiff's acceptance of this offer fully satisfies all relief sought in this action and, therefore, Plaintiff shall not be entitled to seek or recover any other costs, expenses, attorneys' fees, or any other relief whatsoever.

Plaintiff must serve written acceptance of this offer within fourteen (14) days of the date this Offer of Judgment is served. If Plaintiff fails to serve a written notice accepting this Offer of Judgment within fourteen (14) days after service hereof, it will be deemed unaccepted and withdrawn pursuant to Fed. R. Civ. P. 68.

This offer is made for purposes pursuant to and consistent with Fed. R. Civ. P. 68 only, and neither the offer made herein nor any judgment resulting from the offer may be construed as an admission of liability or unlawful conduct by Defendants.

Dated: January 16, 2024

**BAKER & HOSTETLER LLP**

By: */s/ Sylvia J. Kim*
      M. Scott McIntyre
      Sylvia J. Kim
      Amy E. Beverlin

Attorneys for Defendants NOVARTIS PHARMACEUTICALS CORPORATION and ADVANCED ACCELERATOR APPLICATIONS USA, INC.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

**PROOF OF SERVICE**

I am employed in San Francisco County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 600 Montgomery Street, Suite 3100, San Francisco, CA 94111-2806.

On January 16, 2024, I served the following document described as **OFFER OF JUDGMENT PURSUANT TO FED. R. CIV. P. 68** on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

Robert J Prata                               Attorneys for Plaintiff
John F. Morning                             Jennifer Yessaian
Prata and Daley LLP
515 South Figueroa Street Suite 1515
Los Angeles, CA 90071
Emails:
rprata@pratadaley.com
jmorning@pratadaley.com

| | |
|---|---|
| ☑ | **VIA EMAIL.** by causing the document(s) listed above to be transmitted by e-mail (electronic transmission) to the e-mail address(es) listed on the attached service list.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. |

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on January 16, 2024, at San Francisco, California.

*Michael Folger*

Michael Folger

Baker & Hostetler LLP
ATTORNEYS AT LAW
LOS ANGELES

Exhibit 2

| | |
|---|---|
| **From:** | Robert Prata <rprata@pratadaley.com> |
| **Sent:** | Wednesday, February 28, 2024 5:28 PM |
| **To:** | McIntyre, M. Scott; Kim, Sylvia; John Morning |
| **Cc:** | Beverlin, Amy; Ondeck, Katherine C. |
| **Subject:** | RE: Rule 408, RE: Yessaian v. Novartis - Meet & Confer Re: Motion for Summary Judgment / Application to File Under Seal |

Scott:  I have authorization by my client to provide a counter offer to your client's offer of $75k.  Plaintiff will drop her demand from the high 6-figure amount at the mediation down to $575k.  Let me know if you have any questions or want to discuss this further.

Best,

Bob

Robert J. Prata, Esq.
Prata & Daley LLP
515 South Figueroa Street
Suite 1515
Los Angeles, CA 90071
Telephone:  (213) 622-5600
Facsimile:   (213) 622-5623
rprata@pratadaley.com

_____

This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

**From:** Robert Prata
**Sent:** Wednesday, February 28, 2024 10:48 AM
**To:** McIntyre, M. Scott <smcintyre@bakerlaw.com>; Kim, Sylvia <sjkim@bakerlaw.com>; John Morning <jmorning@pratadaley.com>
**Cc:** Beverlin, Amy <abeverlin@bakerlaw.com>; Ondeck, Katherine C. <kondeck@bakerlaw.com>
**Subject:** RE: Rule 408, RE: Yessaian v. Novartis - Meet & Confer Re: Motion for Summary Judgment / Application to File Under Seal

Scott:  Good luck on your injunction matter.  I have availability for a call on Thursday (at or after 10:30 (PT) because I have a court hearing in the morning) if that works.  However, given your comment that the best starting point would be for plaintiff to provide a lower demand, let me make sure I have authorization to do so and I will have a response to you later today.

Robert J. Prata, Esq.
Prata & Daley LLP
515 South Figueroa Street
Suite 1515
Los Angeles, CA 90071
Telephone:  (213) 622-5600
Facsimile:   (213) 622-5623
rprata@pratadaley.com

Exhibit 3

| From: | Kim, Sylvia |
|---|---|
| To: | jmorning@pratadaley.com; rprata@pratadaley.com |
| Cc: | McIntyre, M. Scott; Beverlin, Amy; Ondeck, Katherine C. |
| Subject: | Yessaian v. Novartis - Meet & Confer Re: Motion for Summary Judgment / Application to File Under Seal |
| Date: | Friday, February 23, 2024 2:52:18 PM |
| Attachments: | image001.png |
|  | image002.png |
|  | image003.png |

Counsel,

We write pursuant to Local Rule 7-3 to meet and confer with Plaintiff regarding Defendants' forthcoming motion for summary judgment ("Motion"). The grounds for the Motion, as presently contemplated, are as follows:

1. Plaintiff's First and Second Causes of Action of action for discrimination on the basis of medical conditions/disability fails as a matter of law because:
   a. Plaintiff's numerous compliance violations in the two years preceding her termination preclude any finding that she was satisfactorily performing her job duties.
   b. Defendants have articulated legitimate, non-discriminatory reasons for Plaintiff's termination – i.e., the numerous policy violations that were the subject of Ms. Pierre's investigation and reviews – which Plaintiff herself agreed during the deposition put Defendants in a "difficult spot."
   c. Plaintiff has no evidence from which to infer that the real motivation behind her termination was discriminatory. Plaintiff is entitled to disagree with Defendants' decision to terminate her employment, but that does not establish that the decision was based on her alleged medical condition/disability.

2. Plaintiff's Third Cause of Action for discrimination on the basis of sex/gender fails as a matter of law because:
   a. It rests entirely on her testimony that her managers in 2005 told her upon her return from maternity leave that she was not eligible for receiving a top rating on her year-end performance evaluation given that she was on maternity leave and could not achieve her performance goals; yet, Plaintiff also admitted that those managers have nothing to do with the instant lawsuit. Further, any such conduct is time-barred by FEHA's statute of limitations.
   b. Plaintiff's allegations regarding comments allegedly made by unidentified company managers with respect to her International Women's Day efforts have been refuted by Plaintiff's own deposition testimony wherein she admitted that senior executive managers supported and celebrated her participation in Defendants' various gender equity initiatives.

3. Plaintiff's Fourth Cause of Action for discrimination on the basis of age fails as a matter of law because:
   a. Plaintiff's sole basis for her age discrimination claim is her supposition that people employed by Defendants with access to her personnel file might have known her age if her date of birth was contained in her file, but this is pure speculation and insufficient

as a matter of law to sustain a claim for age discrimination.  In fact, Plaintiff also admitted during her deposition that she has no evidence that any of the decisionmakers responsible for her termination had any knowledge of her age.  She also admitted that she has no evidence that any of Defendants' employees, including her former managers and the decisionmakers involved in her termination, harbored any discriminatory animus toward her because of her age.  Without some evidence indicating that any relevant decisionmakers knew her age and were motivated by discriminatory animus on that basis, Plaintiff cannot establish her *prima facie* case for age discrimination as a matter of law.  *See, e.g., Wong v. Wells Fargo Bank, N.A.*, 2021 WL 4243398, at *7 (N.D. Cal. Sept. 17, 2021) (granting defense summary judgment on age discrimination claim where plaintiff failed to present facts tending to show that the decisionmaker knew his age); *Woodman v. WWOR–TV, Inc.*, 411 F.3d 69, 87 (2d Cir.2005) (finding plaintiff's testimony that she told other employees her age insufficient to raise a triable issue; "[t]o defeat summary judgment, [plaintiff] was obliged to do more than produce evidence that someone at [employer company] knew her age. [Plaintiff] was obliged to offer evidence indicating that persons who actually participated in her termination decision had such knowledge").

4. Plaintiff's Fifth Cause of Action for wrongful termination fails as a matter of law because it is derivative of her FEHA claims for discrimination which fail as a matter of law for the reasons set forth above.

5. Plaintiff's request for punitive damages fails as a matter of law because Plaintiff cannot proffer clear and convincing evidence that any officer, director or managing agent of Defendants acted with oppression, fraud or malice toward Plaintiff, authorized or ratified any wrongful conduct, or acted with a conscious disregard of the rights of Plaintiff.  *See, e.g., Bauldry v. Town of Danville*, 2012 U.S. Dist. LEXIS 165297, *5 (N.D. Cal. Nov. 19, 2012) (dismissing claims for punitive damages on grounds that plaintiff failed to plead sufficient facts that would demonstrate that defendant was guilty of oppression, fraud or malice, and plaintiff is entitled to punitive damages).

Please also note that Defendants intend to file an application to file the MSJ under seal to protect the identities of third parties who are subject to the protections of the confidential protective order.

Please let us know if you would like to further discuss any of the foregoing and, if so, advise us regarding your availability to do so.

Nothing herein is intended or should be construed as any type of express or implied waiver or limitation of any of Defendants' rights, claims, remedies or defenses in connection with this matter, all of which are hereby fully and expressly reserved, or as any type of express or implied admission of any fact or matter in connection with this matter, all of which are hereby expressly, generally and specifically denied and disputed.

**Sylvia Kim**
Partner

**BakerHostetler**

Transamerica Pyramid Center
600 Montgomery Street | Suite 3100
San Francisco, CA 94111-2806
T  +1.415.659.2618

11601 Wilshire Blvd. | Suite 1400
Los Angeles, CA 90025-0509
T  +1.310.979.8457

sjkim@bakerlaw.com
bakerlaw.com

